30 F.3d 137
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert G. YOUNG, Plaintiff-Appellant,
v.
INLAND STEEL COMPANY, Defendant-Appellee.
 No. 93-3739.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 15, 1994.*
Decided June 23, 1994.
 
 Before POSNER, C.J., and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Robert Young brought an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 against his former employer, Inland Steel. The matter was tried before Magistrate Judge Rodovich upon consent of the parties. See 28 U.S.C. Sec. 636(c). Following a two-day trial, Judge Rodovich ruled from the bench in favor of Inland Steel and entered judgment.
 
 
 2
 Hoping that the Supreme Court would turn aside this court's en banc decision in Mojica v. Gannett Co., 7 F.3d 552 (7th Cir.1993), Young appealed raising as his only claim an entitlement to a jury trial where he sought both compensatory and punitive damages against Inland Steel. In Landgraf v. USI Film Products, 114 S.Ct. 1483 (1994), the Court ruled that the provision of the Civil Rights Act of 1991 that creates a right to recover compensatory and punitive damages and further provides that any party may demand a trial by jury if such damages are sought does not apply retroactively to conduct occurring before the Act's effective date of November 21, 1991. All of Young's claims concern conduct occurring before passage of the Civil Rights Act of 1991, and therefore Landgraf controls.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellee responded on February 25, 1994 and appellant responded on March 18, 1994, both agreeing that oral argument was unnecessary. The appeal is submitted on the briefs and record